Modified.

## MYERS v. SPENCER.
### Patent Appeal No. 2607.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Elliott J. Stoddard, of Detroit, Mich. (Milans & Milans and Charles Howson, all of Washington, D. C., of counsel), for appellant.

Bonifant Hamilton, of Washington, D. C. (Delos G. Haynes, of St. Louis, Mo., Robert L. Kahn, of Chicago, Ill., and Samuel Ostrolenk, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals affirming the decision of the Examiner of Interferences awarding priority of invention to appellee.

The invention in issue relates to automatically regulated electric flatirons.

Appellant's application, filed January 8, 1925, matured into patent No. 1,634,431 July 5, 1927.

Appellee's application, No. 565,236, was filed June 1, 1922.

The counts of the interference were copied by appellee from appellant's patent, and an interference was declared November 2, 1927.

The counts in issue read:

"Count 1. In an apparatus of the kind described, the combination of a heating element, and a thermostatic regulator therefor, *united together to form an integral structure adapted to be removed and replaced as a unit.*

"Count 2. In an apparatus of the kind described, the combination of a heating element, an da thermostatic regulator therefor, *having a constituent element in common so constructed and united as to form an integral structure that can be removed and replaced as a unit.*"

"Count 7. In an electric iron, a heating unit and a temperature regulator therefor *employing a structural element in common aside from their mutual electrical connections.*

"Count 8. In an electric iron, a heating unit and a temperature regulator therefor so combined as to be *structurally interdependent* and *to form a unitary structure removable as a whole* whereby less parts are required were each of said elements to be functionally complete when detached from the other." (Italics ours.)

Appellant moved to dissolve the interference on the ground that appellee could not make the claims in issue.

The law examiner overruled the motion in so far as it applied to the involved counts.

The Examiner of Interferences held that, as the date alleged in appellant's preliminary statement for conception of the invention was subsequent to the filing date of appellee, and, as appellant had failed to show cause why judgment on the record should not be entered against him, appellee was entitled to an award of priority.

The Board of Appeals affirmed the decision of the Examiner of Interferences.

It is conceded by counsel for appellant that, if appellee is entitled to make the counts in issue, he is entitled to an award of priority.

It is claimed by counsel for appellant, however, that appellant disclosed and claimed an electric flatiron having a heating unit and a thermostatic regulator therefor "structurally interdependent"; that is to say, appellant's heating unit and thermostatic regulator have parts in common, and are so constructed and combined that they may not be separated without destroying the functions of each; that they are so constructed and united as to form an integral structure adapted to be removed and replaced as a unit; that the counts in issue are expressly limited to the structure disclosed by appellant; that appellee's disclosure relates entirely to a thermostatic regulator; that it was intended to be used for "controlling electric circuits as well as valves and switches of various types," and therefore was not intended to be so united with a heating element as to make the two elements "structurally interdependent"; and that, while appellee's heating element and the thermostatic control may be united in an electric iron, they have no parts in common, and, when detached, each remains a separate and complete unit; and that therefore they are not structurally interdependent within the plain meaning of the counts in issue.

The Board of Appeals held that appellee disclosed a heating unit and thermostatic control so united that they might be removed and replaced as a unit, and that, when combined, they formed an integral structure within the meaning of the counts in issue.

We are not in accord with these views. It is evident from appellee's disclosure that he had in mind a thermostatic control for use with other entirely distinct and separate units.

In his decision the law examiner said: "Spencer shows a part '36' which at two points *is connected to the heating element and which holds part of the regulator device*." (Italics ours.)

While it is true that part "36" in appellee's disclosure, referred to in the law examiner's decision, may be the element that connects the two independent and separate units for use in an electric flatiron, it does not follow that those units when so attached are "structurally interdependent." In other words, while they are joined for operative purposes, each performs its separate function as an independent unit. Furthermore, when detached, each retains its essential characteristics and functions.

Counsel for appellee concedes that "the heating element and the thermostatic apparatus remain units when detached from each other." It is argued, however, that, when joined for operative purposes, they are "structurally interdependent."

It is true, as argued by counsel for appellee, that count 1 is broader in scope than counts 2, 7, and 8, and that it refers to a heating element and a thermostatic regulator united together to form an integral structure adapted to be removed and replaced as a unit. However, we are unable to find anything in appellee's disclosure to indicate that a heating element and thermostatic regulator were intended to be so united as to form an integral structure adapted to be removed or replaced as a unit. On the contrary, we think it is clear that the heating element and thermostatic regulator, as disclosed by appellee, were designed to be removed and replaced as separate and distinct units.

It will be observed that the involved counts are expressly limited to the precise structure disclosed by appellant. Accordingly, giving them the broadest interpretation which they will reasonably support, we are, nevertheless, of the opinion that, due to the limitations therein expressly contained, appellee is not entitled to make them.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.